```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA


LORI FILEPPO,                    )
                                 )
            Plaintiff,           )    Civil Action No. 06-1677
                                 )
     v.                          )    Judge Lancaster
                                 )    Magistrate Judge Caiazza
MICHAEL J. ASTRUE,               )
Commissioner of Social           )
Security,                        )
                                 )
            Defendant.           )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

It is respectfully recommended that the Defendant's Motion to Dismiss (Doc. 6) be granted.

In this case, the ALJ dismissed Lori Fileppo's ("the Claimant's") request for a hearing when she failed to appear for her thrice scheduled administrative proceeding. *See* Def.'s Br. (Doc. 7) at 2-3. The Claimant failed to appear at, and requested a postponement of, the first scheduled hearing. *See* Hearing Tr. of Mar. 21, 2006 (attached as Ex. 4 to Doc. 7-2) at 4-5 (Claimant "postponed" because she "had no ride"). She appeared at the second, but her attorney did not. *Id.* at 3. She received notice of the third hearing, as well as an SSA "Important Reminder," but did not appear. *See* ALJ's Order of Dismissal (attached as Ex. 5 to Doc. 7-2).

The District Court lacks jurisdiction to review the ALJ's dismissal of the Claimant's request for a hearing based on her repeated failures to proceed. Van Williams v. Social Sec.

Admin., 152 Fed. Appx. 153, 154-55, 2005 WL 2673487, *1 (3d Cir. Oct. 20, 2005) (42 U.S.C. § 405(g) allows review of "any final decision of the Commissioner of Social Security made after a hearing" and, where claimant's request for hearing is dismissed for her failure to appear, "the [d]istrict [c]ourt has no jurisdiction to review the Commissioner's determination") (citing published cases, emphasis added); *accord* Pallotta v. Barnhart, 144 Fed. Appx. 938, 940-41, 2005 WL 1989601, *2-3 (3d Cir. Aug. 18, 2005) (holding same), *cert. denied*, -- U.S. --, 126 S. Ct. 1785 (2006).

Although the Third Circuit Court has "recognize[d] that colorable claims of constitutional violations confer federal court jurisdiction despite lack of a final decision," *see* Van Williams, none are identified by the Claimant or can be reasonably inferred from her filings. *Cf. id.* at 155 and *2 (agreeing with district court that claimant's "unsupported suppositions that the agency had a racially-biased agenda [did] not create a constitutional issue" conferring jurisdiction).

The Defendant's Motion to Dismiss is well taken, and it should be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by June 4, 2007. Responses to objections are due by June 14, 2007.

May 18, 2007

/s/ Francis X. Caiazza
Francis X. Caiazza
U.S. Magistrate Judge

cc (via email):

E. David Harr, Esq.
Megan Farrell, Esq.